# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

*vs*.                                                                               **CRIMINAL ACTION NO. 2:09CR13**

**JABBAR Q. KIMBLE,**

    **Defendant.**

## ORDER/OPINION

On the 12th day of August, 2009, Defendant, through counsel, filed a Motion for Return to Sending State on Writ of Habeas Corpus ad Prosequendum [Docket Entry 29]. The Court found at the time that Defendant had not addressed and, therefore, did not specifically waive the applicable provisions of 18 U.S.C.App. 2, Section 2, commonly called the Interstate Agreement on Detainers Act. The Court conducted a hearing on Defendant's motion on August 20, 2009. Defendant appeared in person and by his attorney, Brian J. Kornbrath. The United States appeared by its Assistant United States Attorney, Stephen D. Warner.

Once the United States has filed a detainer with another jurisdiction and has made a written request for temporary custody of the defendant, Article IV of the Agreement imposes two significant requirements: (1) trial on the charges must commence within one hundred twenty days of the arrival of the prisoner into federal custody (the "speedy trial" provision); and (2) disposition of the pending charges must precede the return of the prisoner from federal to state custody (the "anti-shuttling" provision). See Interstate Agreement on Detainers, section 2, Art. IV(c) and (e). It is the "anti-shuttling" provision with which this Court is concerned at this time. Compliance by the receiving "state," in this case, the Northern District of West Virginia, is excused if the prisoner requests a premature return to the original place of imprisonment. See, e.g., United States v. Ford, 550 F.2d

732 (2nd Cir. 1977), judgment aff'd., 436 U.S. 340 (1978):

> The provision, however, which is intended to avoid the disruptions in a prisoner's rehabilitation occasioned by repeated transfers between jurisdictions, is thus for his benefit and is waivable. Here, appellant himself requested the transfer and by doing so waived his objection to it under Article IV(e).

By filing his Motion for Return to Sending State, Defendant has knowingly and intelligently waived objection to the transfer. The Court inquired of Defendant, and determined that he did in fact, knowingly, freely, and voluntarily waive his right to object to the transfer under Article IV(e).

Upon consideration of all which, Defendant's "Motion for Return to Sending State on Writ of Habeas Corpus ad Prosequendum" [Docket Entry 29] is **GRANTED**.

The United States Marshal is directed to make Defendant available to the requesting jurisdiction for return thereto to answer the charges and claims therein pending against him.

It is so **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record, all involved agencies, and the United States Marshal.

DATED: August 28, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE